UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT DELONTA SIPPLE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No. 00-60 (01) (JRT)<br><br>**DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582** |

Albert Sipple, through his undersigned counsel, moves the Court to reduce his sentence from 90 months to 72 months. This reduction in sentence is proper based on 18 U.S.C. § 3582(c), and the Sentencing Commission's recent decision to make newly reduced sentencing guidelines for crack cocaine applicable retroactively.

## I. FLAWED MATH AND ALBERT SIPPLE

On October 5, 2001, this Court sentenced Mr. Sipple to a term of imprisonment of 90 months, after accepting his guilty plea to Possession with Intent to Distribute Crack Cocaine. Mr. Sipple's original base offense level of 32 reflected possession of 85 grams of cocaine base and 49.46 grams of powder cocaine**.** The presence of the powder cocaine had no impact on the sentencing guidelines, as the base offense level would have been 32 based on the crack cocaine alone. After an enhancement for possession of a firearm, and reduction for acceptance of responsibility, Mr. Sipple landed at level 31, criminal history category III, with a sentencing range of 135-168 months. A mandatory minimum of 120 months applied as well.

The government made motions for downward departure pursuant to § 5K1.1 and § 3553(e) in recognition of Mr. Sipple's substantial assistance. The Court granted that motion and sentenced Mr. Sipple to a term of imprisonment of 90 months. This represented a departure of approximately 34% from the low end sentence of 135.

The new sentencing guidelines have, almost without exception reduced the offense levels applicable to crack cocaine cases by two levels. For Mr. Sipple, a two - level reduction would result in a guideline range of 108-135 months. If he were to receive a proportional reduction from the new guideline range, as contemplated by § 1B1.10, the resulting sentence would be 72 months. According to the Bureau of Prisons, Mr. Sipple's current release date is May 10, 2008. Indeed he is already on house-arrest through a local BOP halfway house. If the sentencing reduction is granted, it would result in his immediate release from BOP custody.

Unfortunately, because Mr. Sipple's offense involved both crack and powder cocaine, the new guideline calculation is not so simple. In advisory application notes, the new guidelines embrace a very complex two - step conversion process with a marijuana equivalency table. The effect is completely arbitrary, with no discernable pattern or rationale. In Mr. Sipple's case, the amount of crack at issue translates to a level 30 on the new chart in § 2D1.1: at this level, each gram of crack is converted in 14 kilograms of marijuana. As the chart makes clear, if Mr. Sipple had <u>more</u> crack and begun the analysis at a level 32 on the new drug table, the conversion would have been less than half as onerous, converting at a ratio of 6.7 kilograms of crack. It is mere happenstance and

extreme bad luck that Mr. Sipple's quantity of crack landed him at a place on the chart which renders him ineligible for relief. Ironically, if all of the powder cocaine possessed by Mr. Sipple were converted to an equal amount of crack cocaine, he would still be in a level 30 under the new guidelines, but he would receive the two-level reduction because the two-step equivalency table would never be in play!!

In sum, because of the arbitrary and irrational structure of the conversion table[1], the Commission's hasty drafting, if explored no further, could deny Mr. Sipple the relief and correction which he should receive under the new guidelines.

Mr. Sipple respectfully urges that this Court does have the authority under 18 U.S.C. § 3582(c) to reduce his sentence and that the Court should do so.

## II. LEGAL ANALYSIS

The unique dilemma resulting from the arbitrary equivalency tables has been recognized and corrected by at least two district courts already. Chief Judge Curtis Collier of the Eastern District of Tennessee, Judge John Woodcock, Jr., of the District of Maine, have both issued well-reasoned decisions rejecting the flawed mathematics of the equivalency tables. Copies of those decisions, United States v. Watkins and United States v. Horta are attached to this motion. Although these decisions dealt with initial sentencings rather than resentencing motions filed pursuant to §3582(c), they are

[1] It is noteworthy that the "Drug Quantity Table," which places Mr. Sipple at a level 30 for the crack cocaine alone, is part of the sentencing guideline of § 2D1.1. In contrast, the flawed equivalency table that results in his placement at level 32 is merely contained in an application note, and is therefore merely advisory to the Court.

nonetheless very persuasive and indicative of this Court's power to act. Mr. Sipple urges the Court to do so.

## III. A REDUCTION IS JUSTIFIED FOR ALBERT SIPPLE

This Court should use its discretion under the new sentencing guidelines to immediately Order that Albert Sipple's sentence be reduced from 90 to 72 months. Mr. Sipple incurred zero incident reports during the entire period of his incarceration. He completed his GED and numerous classes. He has successfully completed time at the halfway house at the order of the BOP and is now succeeding on house arrest. He is an excellent candidate for a sentencing reduction.

## IV. CONCLUSION

In sum, Mr. Sipple respectfully urges the Court to reduce his sentence to a period of 72 months, effective immediately.[2]

Dated: March 13, 2008

Respectfully submitted,

*s/ Katherine Menendez*
__________________________________

Katherine Menendez
Attorney No. 278014
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

[2] Because Mr. Sipple is already on house-arrest, the 10 days which the Bureau of Prisons ordinarily requires to check for warrants and detainers and prepare a release plan is unnecessary.