UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-60 (JRT)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT DELONTA SIPPLE,<br><br>Defendant. | ) | OPPOSITION OF THE UNITED STATES TO DEFENDANT SIPPLE'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582 |

Defendant Albert Sipple pleaded guilty to an offense involving 85 grams of crack cocaine. He was also held accountable for 49 grams of powder cocaine. His original guideline range was 135-168 months, with a 10-year mandatory minimum penalty. Based on the government's motion for a downward departure for substantial assistance, the Court sentenced Sipple on October 5, 2001 to 90 months. See Letter from U.S. Probation dated February 14, 2008.

Sipple has almost finished his sentence and is currently on house arrest. He has less than two months to go. He seeks a reduction in his sentence to time served based on the retroactive crack cocaine guideline amendment. However, Sipple is not eligible for any reduction because his guideline range has not been lowered by operation of the retroactive crack cocaine guideline amendment.

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a sentence when a defendant's guideline range has subsequently been lowered by the sentencing commission. See also United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994). Here, the

guideline commission has made the crack cocaine guideline amendments -- amendments 706 and 711 -- retroactive effective March 3, 2008. However, as Sipple candidly concedes, his guideline range has not been reduced through operation of the cocaine guideline amendment because of the presence of multiple drugs and the need to convert each drug to its marijuana equivalent. While the government agrees that the conversion calculations produce a somewhat anomalous result in Sipple's particular case, the fact remains that his guideline range has not been reduced and that there is therefore no legal authority for the Court to reduce his sentence. 18 U.S.C. § 3582(c)(2).

Because Sipple's guideline range has not been lowered, his motion for a sentence reduction under 18 U.S.C. § 3582(c) should be denied.

Dated: March 18, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
Acting United States Attorney

*s/Jeffrey S. Paulsen*

BY: JEFFREY S. PAULSEN
Assistant U.S. Attorney
Attorney ID Number 144332