**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERT DELONTA SIPPLE,

Defendant.

Criminal No. 00-60 (JRT/FLN)

**MEMORANDUM OPINION ON RESOLUTION OF DISPUTED SENTENCING ISSUES**

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Katherine Menendez, Assistant Federal Defender, **OFFICE OF THE FEDERAL DEFENDER**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for defendant.

On May 17, 2000, defendant Albert Delonta Sipple pled guilty to one count of possession with intent to distribute crack cocaine. On October 5, 2001, this Court sentenced defendant to 90 months imprisonment. Following the recent amendments to the sentencing guidelines for offenses involving crack cocaine, defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). This Court granted defendant's motion at a sentencing hearing held April 14, 2008, and re-sentenced defendant to a term of 72 months. That term has now been served. The Court issues this memorandum opinion in support of that decision.

## BACKGROUND

Defendant's offense involved 85 grams of crack cocaine and 49.46 grams of powder cocaine. Ordinarily, in order to determine the base offense level for a crime involving some quantity of illegal drugs, the Court merely finds the base offense level that corresponds to that quantity. *See* U.S.S.G.§ 2D1.1(c). For example, at the time of defendant's 2001 sentencing, at least 50 but less than 150 grams of crack cocaine resulted in a base offense level of 32. *See* U.S.S.G.§ 2D1.1(c) (2006). Where more than one drug is involved, however, the Court is required to convert the various drug quantities into marijuana equivalents, using a conversion table provided in the sentencing guidelines. *See* U.S.S.G. § 2D1.1, comment 10. The Court then adds the marijuana quantities together, and finds the base offense level that corresponds to the total.

At the time of defendant's 2001 sentencing, 1 gram of crack cocaine was treated as equal to 20 kilograms of marijuana. *See* U.S.S.G.§ 2D1.1, comment 10 (2006). For defendant, this meant that his crack cocaine was equivalent to a marijuana quantity of 1700 kilograms. This is consistent with the fact that either 85 grams of crack cocaine or 1700 kilograms of marijuana would separately result in a base offense level of 32. *See* U.S.S.G.§ 2D1.1(c) (2006). In other words, merely converting defendant's crack cocaine to a marijuana equivalent did not increase his base offense level.

Factoring in defendant's powder cocaine also did not affect his base offense level. Defendant's 49.46 grams of powder cocaine converted to merely 9.892 kilograms of marijuana, which is too small an amount to cause an increase. *See* U.S.S.G.§ 2D1.1 (2006). Following a two-level enhancement for possession of a firearm in connection

with his offense and a three-level decrease for acceptance of responsibility, defendant's total offense level was 31. With defendant's Category III criminal history, his guideline imprisonment range was 135 to 168 months.

In 2007, the United States Sentencing Commission amended U.S.S.G. § 2D1.1. These amendments represented an effort to alleviate unwarranted sentencing disparities between offenders convicted of crimes involving different forms of cocaine. One consequence of these changes is that a crime involving 50 to 150 grams of crack cocaine now results in a base offense level of 30, rather than 32. *See* U.S.S.G. § 2D1.1(c). These amendments were made retroactive, allowing previously sentenced individuals to seek a sentence reduction if their guideline range would now be lower. *See* 18 U.S.C. § 3852(c)(2). Defendant filed a motion with this Court seeking such a reduction.

## ANALYSIS

Unfortunately for defendant, his offense is impacted by an apparent math error in the new amendments. In addition to lowering the base offense level for particular quantities of crack cocaine, the Sentencing Commission revised the table used for converting crack cocaine into marijuana equivalents. *See* U.S.S.G. § 2D1.1, comment 10(D)(i)(II). Pursuant to that table, each gram of defendant's crack cocaine is now to be treated as equivalent to 14 kilograms of marijuana. *See* U.S.S.G. § 2D1.1, comment 10(D)(i)(II). For defendant, this means that his 85 grams of crack cocaine are treated as equivalent to 1190 kilograms of marijuana. This is so, despite the fact that 85 grams of crack cocaine would result in a base offense level of 30, and 1190 kilograms of marijuana would result in a base offense level of 32. This jump in base offense level is wholly

unrelated to defendant's additional quantity of powder cocaine, which again converts to too small a marijuana equivalent to have an impact.[1] In other words, merely converting defendant's crack cocaine quantity to a marijuana equivalent increased his base offense level by 2 levels. In the practical terms of prison time, for an individual with defendant's Category III criminal history this leap raised his imprisonment range from a range of 108 to 135 months to a range of 135 to 168 months. This "conversion enhancement" cannot have been intended by the Sentencing Commission.

In short, in defendant's case the new marijuana "equivalent" table does not yield equivalents at all. Instead, it creates what amounts to an unwarranted increase for a subset of offenders, likely to produce disparities among offenders possessing similar quantities of drugs.[2] This error has been recognized and corrected for in at least four other cases. *See United States v. Stokes*, No. 6:98-cr-109-Orl-22GJK, 2008 WL 938919 (M.D. Fla. Apr. 7, 2008) (recognizing this error in granting a motion for reduction of sentence); *United States v. Barrett*, No. 6:98-cr-270-Orl-22KRS, 2008 WL 938926 (M.D. Fla. Apr. 7, 2008) (same); *see also United States v. Horta*, 534 F. Supp. 2d 164 (D. Me. 2008) (recognizing this error in reducing defendant's base offense level at an initial

[1] Specifically, at least 1,000 kilograms but less than 3,000 kilograms of marijuana results in a base offense level of 32. Defendant's powder cocaine still converts to just 9.892 kilograms of marijuana, too small an amount to have any meaningful impact in this case.

[2] Under the new conversion table, an offender convicted of possessing 149 grams of crack cocaine would have a base level of 30. However, an offender convicted of possessing 72 grams of crack cocaine and *any other quantity of any other controlled substance whatsoever* would have a base level of 32. An additional illustration of this absurdity was suggested by defendant. If defendant were able to stipulate that each gram of powder cocaine was actually crack cocaine – a drug which continues to be treated far more severely than powder cocaine by both the Sentencing Commission and Congress – he would have ended up with a base offense level of 30. However, because the additional grams were powder cocaine, thus requiring the marijuana conversion, his base offense level leaps to 32.

sentencing); *United States v. Watkins*, No. 1:07-CR-67, 2008 WL 152901 (E.D. Tenn. Jan. 14, 2008) (same).

The prosecution properly points out that if there is no change in defendant's base offense level, then this Court does not have jurisdiction to reduce defendant's sentence. *See* 18 U.S.C. § 3582(c). However, in light of the error discussed above, this Court follows those cases that do not apply the conversion enhancement in determining that offense level. *See, e.g.*, *Stokes*, 2008 WL 938919, at *1-4. Accordingly, the Court finds that defendant's base offense level is 30. This reflects the fact that 85 grams of crack cocaine results in a base offense level of 30, and that – based on the particular quantities at issue here – an increase to a level 32 would be due merely to the conversion to a marijuana equivalent.

Following the two-level firearm enhancement and three-level decrease for acceptance of responsibility, defendant's total offense level is 29. With defendant's Category III criminal history, his new guideline imprisonment range is 108 to 135 months. This change in defendant's guideline range gives this Court jurisdiction to proceed under 18 U.S.C. § 3582(c)(2). For the reasons articulated at defendant's initial sentencing, this Court imposed a sentence of 90 months. A proportional reduction here brings the Court to a sentence of 72 months imprisonment, which has now been served.

DATED: April 17, 2008
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge